# Everhart *v.* Lehigh Valley Coal Company, Appellant.

*Mines and mining—Coal lease—Suspension of royalties—Burning of breaker.*

Where coal mined under a lease is prepared for market by breakers situated on adjoining properties, and one of such breakers is destroyed by fire, but the mining of the coal is not interrupted inasmuch as it is prepared in the remaining breakers, the lessee is not entitled to take advantage of a provision in the lease that royalties shall not be demanded during the time that the production or shipping of coal is actually prevented by the destruction of a breaker.

Argued April 15, 1907. Appeal, No. 318, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., March T., 1904, No. 36, on verdict for plaintiff in case of George W. Everhart et al. v. Lehigh Valley Coal Company. Before MITCH-ELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for royalties. Before HALSEY, J.

At the trial the jury returned a verdict for plaintiffs for $31,248.95.

On a motion for a new trial HALSEY, J., filed an opinion which after quoting Lehigh Valley Coal Co. v. Everhart, 206 Pa. 118, concluded as follows:

It is further contended that under the covenants in the lease referred to, the lessees are relieved from the payment of minimum royalties covering a stipulated period of time, because of a fire which destroyed one of the breakers through which the coal mined was prepared for market.

The eighth paragraph of the lease between the parties provides that if the breaker or necessary machinery or mining improvements be destroyed or seriously injured by fire, then and in either such cases, the said lessee shall be excused from the payment of any rental except for coal acually mined during the time when the production or shipping of coal is so actually prevented; provided always, however, as to the cases of fires, that the said lessee shall use all due and proper dili-

gence to rebuild the said breaker, machinery or other mining improvements.

There never was a breaker erected upon the premises described in the lease. The coal from the leased premises was prepared for market through breakers upon adjoining properties. The breaker burned, the Babylon breaker, was upon an adjoining property, and was one of the breakers through which the coal was prepared for market. The Babylon breaker was never rebuilt. Coal was never actually prevented from being mined and prepared from the property as a consequence of the burning of the Babylon breaker. Coal was actually mined and shipped after burning of the Babylon breaker the same as it had been prior to the burning of the said breaker, through the Phœnix and Seneca breakers. This is clear from the testimony.

\*        \*        \*        \*        \*        \*        \*        \*

The fire, therefore, did not actually prevent the mining of coal from the leased premises. Therefore, in our judgment, the fire did not bring in operation the clause of the lease quoted which would relieve the lessee from the payment of the royalties stipulated.

Motion denied.

*Errors assigned* were various instructions.

*J. B. Woodward*, of *Woodward, Darling & Morris*, with him *S. P. Wolverton*, for appellant.

*George R. Bedford*, with him *Henry A. Fuller* and *Alex. Simpson, Jr.*, for appellees.

Per Curiam, May 20, 1907:

The main question is settled by the case of Lehigh Valley Coal Co. v. Everhart, 206 Pa. 118.

The only other question, whether the payment of royalties was suspended by the burning of the breaker, is well disposed of in the opinion of the learned judge below.

Judgment affirmed.